IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

QUINCY TERRELL SMITH                                                                PLAINTIFF

       v.        Civil No. 6:08-cv-06041

SGT. ANSLEY; and DEPUTY
STRICKLAND, Both of the Garland
County Detention Center                                                              DEFENDANTS

## MEMORANDUM OPINION

Plaintiff, Quincy Terrell Smith, filed this civil rights action pursuant to the provisions of 42 U.S.C. § 1983. He proceeds *pro se* and *informa pauperis*. The case is before me pursuant to the consent of the parties (Doc. 9). On October 30, 2008, Defendants filed a motion to dismiss (Doc. 16), Plaintiff has not responded to the motion to dismiss in the time allowed by Rule 7.2(b) of the Local Rules for the Eastern and Western Districts of Arkansas.

### Discussion

When he filed this lawsuit, Plaintiff was incarcerated at the Garland County Detention Center (Doc. 1). On July 11, 2008, Defendants filed a notice of returned mail (Doc. 10). Defendants indicated mail they sent to Plaintiff at the Garland County Detention Center had been returned as undeliverable. The file was reviewed and it was noted that on the complaint Plaintiff had listed a home address. For this reason, a change of address was entered on Plaintiff's behalf (Doc. 14) utilizing the home address Plaintiff listed on the complaint.

On September 22, 2008, Defendants filed a notice of return mail (Doc. 15). It indicates the mail sent to the home address listed by Plaintiff on the complaint was returned with the following notations: "return to sender, no such number, unable to forward."

On October 30, 2008, Defendants filed a motion to dismiss (Doc. 16). Defendants note that to date they have been unable to communicate with the Plaintiff. They indicate they cannot engage in

discovery or provide him with copies of pleadings. They indicate every document they have sent to the Plaintiff since July of 2008 has been returned as undeliverable. They ask that the case be dismissed based on Plaintiff's failure to prosecute this action.

## Conclusion

The motion to dismiss (Doc. 16) will be granted by a separate order entered this same date. Plaintiff has failed to prosecute this case and has failed to keep the court and opposing counsel informed of his current address. Plaintiff was advised when he opened this case that he had an obligation to keep the court informed of his current address at all times. He has failed to do so.

DATED this 19th day of November 2008.

/s/ Barry A. Bryant
BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE